UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARLENE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1869 CAS |
| | ) |
| ROBERT MCDONALD SECRETARY | ) |
| DEPARTMENT OF VETERANS AFFAIR, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Robert McDonald's motion to dismiss plaintiff's complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted, or in the alternative for a more definite statement under Rule 12(e), Fed. R. Civ. P. Plaintiff Earlene Johnson opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion to dismiss, but will grant plaintiff the opportunity to file an amended complaint.

**I. Background**

Plaintiff, who is pro se, filed her complaint on the Court's form Employment Discrimination Complaint. Plaintiff checked boxes indicating her complaint is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. ("ADEA"); the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA)"; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act"). Plaintiff also checked the box for "Other" and stated "Hostile Work Environment" and "Retaliation Harassment." Complaint at 1-2. Under the heading titled "Nature of the Case," plaintiff checked boxes for (1)

termination of her employment, (2) failure to accommodate her disability, (3) the terms and conditions of her employment differ from those of similar employees, (4) retaliation, (5) harassment, and (6) other conduct, for which she specified : "Treated differently from those who worked in our department. Also I complained about a Hostile Environment." Complaint at 4.

The complaint states the following as the facts to support plaintiff's claims:

> I was treated differently from those who was on light duty. I was terminated under false allegations. I was treated differently from those who had a disability. One employee who was on light duty was accommodated in our dept. Another that was disabled was also accommodated in our dept. I was sent to the Laundry. The Supervisor and her boss also testified that all employees are sent to the Laundry. Nor did any of these employees had to walk up and down 9 flights of stairs everyday for break and lunch. Sometimes not taking lunch. Nor did one of these employees get terminated for pulling on another male private part almost everyday. It was reported not only by myself, but other staff. It only stopped when others complained. Not when I complained. Other employees conduct was disruptive. Not mine. They were using profanity towards me and admitted this during ORM investigation. This employee was not terminated. false written statements were written against me by employees in which I was terminated. O.R.M. came in and did an investigation. These same employees changed their story or didn't cooperate, when they told the investigator they would. There other discriminatory actions toward me also.

Complaint ¶ 12.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead

2

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotation marks and citation omitted).

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

In this regard, plaintiff's Response to the motion to dismiss consists of eight typewritten pages and approximately 140 pages of supporting documents. Because a court is to primarily consider the allegations contained in the complaint and exhibits thereto on a motion to dismiss, see Deerbrook Pavilion, LLC v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000), the Court disregards these

documents except to the extent they are matters of public record, and therefore does not convert the motion to dismiss to one for summary judgment.

**III. Discussion**

A. <u>Plaintiff Failed to Exhaust Her Age Discrimination Claims</u>

Defendant moves to dismiss plaintiff's claims under the ADEA for failure to exhaust administrative remedies. As a former federal employee, plaintiff was required to comply with certain notice and exhaustion requirements. See <u>Coons v. Mineta</u>, 410 F.3d 1036, 1039 (8th Cir. 2005). United States Equal Employment Opportunity Commission ("EEOC") regulations require that employees of federal agencies who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter. See 29 C.F.R. § 1614.105(a). Failure to exhaust administrative remedies bars a federal employee plaintiff from raising employment discrimination claims in federal court. <u>Brown v. General Services Admin.</u>, 425 U.S. 820, 832 (1976).

The exhaustion requirements applies to age discrimination claims. <u>Coons</u>, 410 F.3d at 1039. In the complaint, plaintiff alleges she was discriminated against because of, among other things, her age. Attached to the complaint is the EEOC's Decision of Request for Reconsideration (the "Decision"), which serves as plaintiff's right to sue letter. The Decision states that plaintiff alleged she was discriminated against based on her sex, disability, and in reprisal for prior protected EEO activity. Doc. 1-1 at 1. The Decision does not reference age as a basis for plaintiff's claims at the administrative level.

Plaintiff states in response to the motion to dismiss, "I did not fail to exhaust my administration (sic) remedies. I contacted EEO 11/18/09." Pl.'s Response at 7 (Doc. 14)July 22, 2016. Plaintiff also submits an EEO Counselor's Report dated November 18, 2009 (Doc. 14 at 52-

4

60), which identifies the discrimination claims she raised at the administrative level. The EEO Counselor's Report is a matter of public record that the Court may consider in the context of a motion to dismiss. The EEO Counselor's Report documents that plaintiff made three complaints of disability discrimination but does not mention any complaints of age discrimination, and therefore does not support plaintiff's statement that she exhausted her age discrimination claim.

The scope of any subsequent federal court action is defined by the claims that were actually filed in the prior EEO complaint, or claims that are like or reasonably related to the claims asserted therein. Brown, 425 U.S. at 832; Anderson v. Block, 807 F.2d 145, 148 (8th Cir. 1986). The Court is mindful that plaintiff filed her EEO complaint pro se, and therefore construes it liberally. See Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031, 1059 (8th Cir. 2011). "But there is a difference between liberally reading a claim which 'lacks specificity,' . . . and inventing . . . a claim which simply was not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996).

Because the Decision discussed plaintiff's claims of sex, disability and reprisal discrimination, it indicates that plaintiff's EEO Complaint of Discrimination did not include an age discrimination claim. Similarly, the EEO Counselor's Report did not discuss an age discrimination claim and states, "The Aggrieved was informed in writing that the claim listed above [three disability discrimination claims] were the only claims addressed during the informal EEO counseling." Doc. 14 at 59. Based on these documents, the Court finds that plaintiff did not administratively exhaust remedies for her age discrimination claim, as her EEO complaint did not put defendant on notice that she was claiming she had been discriminated against based on her age. See Kells, 210 F.3d at 836. Further, an age discrimination claim is separate and distinct from, and not sufficiently like or related to, the claims plaintiff did administratively exhaust, which were based

5

on sex, disability and reprisal discrimination. Plaintiff's age discrimination claim should therefore be dismissed without prejudice for failure to exhaust administrative remedies. See Brown, 425 U.S. at 832.

B. Plaintiff Fails to State a Title VII Claim

Defendant moves to dismiss plaintiff's Title VII claim on the grounds that she does not allege she suffered an adverse employment action because of her membership in a class that is protected under Title VII. Plaintiff does not respond to this aspect of the motion to dismiss. Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The pre-printed complaint form offers plaintiffs the option of selecting race, color, religion, gender and national origin as bases for discrimination. Plaintiff did not select any of those options as reasons that she believes she was discriminated against, and her description of the facts of the case does not reference her race, color, gender or national origin. Plaintiff's response to the motion to dismiss also does not assert that she was discriminated against on the basis of her race, color, gender or national origin. As a result, plaintiff fails to state a claim upon which relief can be granted under Title VII and this portion of her complaint should be dismissed.

C. Plaintiff Cannot Bring an ADA Claim

Defendant moves to dismiss plaintiff's disability discrimination claim to the extent it is brought under the ADA, on the basis that employment discrimination claims against federal agencies must be brought pursuant to the Rehabilitation Act, citing 42 U.S.C. § 12111(5)(B) and Carroll v. Potter, 163 F. App'x 450 (8th Cir. 2006). Plaintiff does not respond to this aspect of the motion to dismiss, and defendant's argument is correct. The ADA does not apply to disability discrimination claims by federal employees, who can only assert such claims under the Rehabilitation Act of 1973.

Carroll, 163 F. App'x at 450; see 42 U.S.C. § 12111(5)(B) (defining the term "employer" as used in the ADA to exclude the United States, or any corporation wholly owned by the government of the United States). Defendant's motion to dismiss plaintiff's ADA claim should therefore be granted.

    D.  Plaintiff Fails to State a Rehabilitation Act Claim

Defendant moves to dismiss plaintiff's Rehabilitation Act claims for failure to state a claim upon which relief can be granted. In the alternative, defendant seeks a more definite statement of plaintiff's claims. Defendant states that plaintiff does not allege she was disabled or that she was terminated because of her disability, and argues that to establish a prima facie case, plaintiff must allege she suffered an adverse employment action due to her disability, citing E.E.O.C. v. Wal-Mart Stores, Inc., 477 F.3d 561, 568 (8th Cir. 2007). Defendant is correct.

The Rehabilitation Act (the "Act") prohibits discrimination against an "otherwise qualified individual with a disability . . . , solely by reason of her or his disability." 29 U.S.C. § 794; Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). The Act incorporates the standards of the ADA to determine whether a violation has occurred. 29 U.S.C. § 794(d); Peebles v. Potter, 354 F.3d 761, 765 (8th Cir. 2004). As relevant to plaintiff's claims, decisions interpreting either the Rehabilitation Act or the ADA "are applicable and 'interchangeable' to claims under each statute." Hill, 737 F.3d at 1216.

"Discrimination under . . . the Rehabilitation Act encompasses both disparate treatment because of a disability and failure to provide reasonable accommodations to a qualified individual's known disability." Withers v. Johnson, 763 F.3d 998, 1003 (8th Cir. 2014) (citing Hill, 737 F.3d at 1216-17). "In disparate treatment cases, a similarly situated disabled individual is treated differently because of his disability than less- or non-disabled individuals." Peebles, 354 F.3d at

7

766. In reasonable accommodation cases, an employer violates the Act if it does not "make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." Id. (quoting 29 C.F.R. § 1630.9(a)).

Defendant states that while plaintiff's complaint appears to reference both disparate treatment and a failure to accommodate her disability, she fails to properly plead a prima facie case of either type of disability discrimination. Defendant asserts that plaintiff's allegation she was "terminated under false allegations" is not sufficient to establish that she suffered an adverse employment action due to her disability, because she does not allege that she was disabled or that she was terminated because of her disability, citing Wal-Mart Stores, 477 F.3d at 568. Second, defendant asserts that plaintiff's references to accommodations other employees received is not sufficient to establish a claim that defendant failed to accommodate her, because plaintiff has not alleged that she requested and was denied a reasonable accommodation, citing Peebles, 354 F.3d at 767. Third, defendant asserts that while the complaint alleges plaintiff was "treated differently from those who had a disability," she does not allege that she was treated differently because *she* had a disability, citing Peebles, id. at 766. Defendant also assets that plaintiff's claim "[t]here [were] other discriminatory actions toward me also," is a conclusory allegation that the Court is not bound to accept as true.

As defendant observes, the complaint does not contain any factual allegations as to the nature of plaintiff's claimed disability, or that plaintiff was terminated because of her disability. It therefore fails to state a claim for disability discrimination. See Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 845 (8th Cir. 2015) (elements of prima facie case). Although a plaintiff cannot add factual

allegations to a complaint by raising them in her memorandum in opposition to a motion to dismiss, Morgan Distributing Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989), the Court notes plaintiff's Response to the motion to dismiss states in pertinent part that she "had only one arm to work." Response at 2. The EEO Counselor's Report attached to the Response includes the following statement concerning plaintiff's disability:

> [Plaintiff] claimed discrimination based on disability because she was injured on the job on April 1, 2009. The injury affected the tendon in her left arm. She was out for surgery for three weeks, return to duty on or around April 27, 2009, and was placed on light duty with lifting, pushing and pulling limitations. Ms. Johnson was also approved by her physician to wear a protective wrist support as needed.

Response at 53.

With respect to discrimination based on her disability, plaintiff's Response states that she was "sent to 7 different areas of the hospital because I was disabled, including the 9th floor," which required her to "walk up and down 9 flights of stairs . . . endangering my injury and health . . . so I could have lunch" and that sometimes she would skip lunch as a result.[1] Id. at 6. Plaintiff identifies three employees, both disabled and non-disabled, who she claims received more favorable treatment than her. Id. at 4-5. Plaintiff asserts that she was terminated under false allegations, that her supervisor wrote two false reports, that defendant did not investigate the false allegations against her, and did not follow its own policies and union agreement. Id. at 2-3. Finally, with respect to accommodation, plaintiff's Response states only, "Yes, I complained to Joyce Richardson about not accommodating me and treating me unfairly." Id. at 6.

---

[1] Plaintiff admits there was an elevator in the building but states, "[B]y the time the elevator would reach the 9th floor my lunch would be half way over and if I took the chance and got on the elevator in which I have done and had to get off before I reached the cafeteria . . . because I would be late getting back to the 9th floor . . . so I wouldn't have lunch." Response at 6.

9

To establish disability discrimination under the Rehabilitation Act, plaintiff must first show that she "(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) suffered an adverse employment action because of her disability." Walz, 779 F.3d at 845. To be a qualified individual under the ADA, an employee must "(1) possess the requisite skill, education, experience, and training for [her] position, and (2) be able to perform the essential job functions, with or without reasonable accommodation." Hill, 737 F.3d at 1216 (quoted case omitted).

To support a failure to accommodate claim, plaintiff "must establish both a prima facie case of discrimination based on her disability and a failure to accommodate it." Schaffhauser v. United Parcel Serv., Inc., 794 F.3d 899, 905 (8th Cir. 2015). The plaintiff must make "a facial showing that a reasonable accommodation would enable [her] to perform [her] essential job functions." Scruggs v. Pulaski Cnty., Ark., 817 F.3d 1087, 1093 (8th Cir. 2016) (quoted case omitted). If an employee fails to show she is a qualified individual with a disability, she cannot state a claim for failure to accommodate. Kirkeberg v. Canadian Pacific Ry., 619 F.3d 898, 906 n.4 (8th Cir. 2010).

The Rehabilitation Act uses the same definition as the ADA for an individual with a disability. 29 U.S.C. § 705(20)(B). The term "disability" is defined as: "(A) a physical or mental impairment that substantially limits one of more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(2)(A)-(C); Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 900 (8th Cir. 2006). Major life activities include but are not limited to "caring for oneself, performing manual tasks, walking, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff's complaint does not mention any physical or mental impairment that plaintiff has, and therefore does not contain any factual allegations to establish that she is disabled under the Rehabilitation Act. In addition, the complaint does not allege that plaintiff was terminated because of her disability. Plaintiff's allegation she was "terminated under false allegations" cannot establish that she suffered an adverse employment action due to her disability, because she does not allege that she was disabled or that she was terminated because of her disability. Plaintiff's allegations that her supervisor wrote a false report, and that defendant failed to investigate the false allegations against her do not establish that she suffered an adverse employment action due to her disability because plaintiff does not allege that she was disabled or that she was terminated because of her disability. Plaintiff's conclusory allegations that three coworkers, both disabled and non-disabled, were treated more favorably than her are irrelevant because she does not allege her own disability, that she was subjected to an adverse employment action because of her disability, or that she was treated differently than the coworkers because of her disability. See Walz, 779 F.3d at 845 (elements of prima facie case). Plaintiff therefore fails to state a claim of disparate treatment under the Act.

Because plaintiff does not plead that she was disabled, she cannot state a claim for failure to accommodate. See Kirkeberg, 619 F.3d at 906 n.4. In addition, plaintiff's complaint does not contain any factual allegations that she needed or requested a reasonable accommodation to perform the essential functions of her job, that the defendant failed to provide. See Schaffhauser, 794 F.3d at 905. Plaintiff therefore fails to state a claim of failure to accommodate under the Act.

The complaint contains the conclusory allegation that plaintiff was subjected to a hostile work environment. "[T]o establish a hostile work environment based on disability, plaintiff must show that (1) she is a member of the class of people protected by the statute, (2) she was subject to

unwelcome harassment, (3) the harassment resulted from her membership in the protected class, and (4) the harassment was severe enough to affect the terms, conditions or privileges of her employment." Sellers v. Deere & Co., 791 F.3d 938, 945 (8th Cir. 2015). "In order to be actionable, harassment must be both subjectively hostile or abusive to the victim and 'severe and pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive.'" Shaver v. Independent Stave Co., 350 F.3d 716, 721 (8th Cir. 2003) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993)). Anti-discrimination laws do not establish codes of civility in the workplace and "[c]onduct that is merely rude, abrasive, unkind, or insensitive does not come within the scope of the law." Id. To determine whether the harassment affected a term, condition or privilege of employment, courts must "consider the totality of the circumstances, including the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with [plaintiff's] job performance." Sellers, 791 F.3d at 945 (quoted case omitted)."

Plaintiff does not allege any facts to show that she is disabled, so she necessarily fails to state a claim for hostile work environment based on her disability. See Sellers, id. Further, even if plaintiff had alleged that she was disabled, the complaint does not contain any factual allegations to show plaintiff was subjected to harassment because of her disability, much less harassment that was severe and pervasive enough to be objectively hostile or abusive.

Plaintiff's Response states that she was placed on the busiest shift and this created a hostile environment "because the employees were upset that I had only one arm and couldn't help in the capacity that was needed." Response at 2. Plaintiff also states, "You will also find within the EEO Counselor Report 17 documented discriminatory, harassing, intimidating . . . claims . . . in which I am ready to prove." Id. at 7. As previously stated, plaintiff cannot add factual allegations to her

complaint by including them in her opposition to the motion to dismiss. Morgan Distrib., 868 F.2d at 995. Further, the allegations of friction between plaintiff and her supervisor and coworkers described in the EEO Counselor's Report are not sufficient to allege a plausible claim for hostile work environment in the absence of factual allegations to show that the friction was due to plaintiff's disabilities. See Wallin v. Minnesota Dep't of Corrs., 153 F.3d 681, 688 (8th Cir. 1998) (although plaintiff identified "numerous incidents of friction between himself and his coworkers," his hostile work environment claim failed because he provided no evidence that the workplace friction was due to his disabilities). Plaintiff's claim of hostile work environment should therefore be dismissed for failure to state a claim.

Finally, the complaint states that plaintiff asserts a claim for "retaliation harassment." The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). The Eighth Circuit has recognized a cause of action for retaliation under the Rehabilitation Act, and retaliation claims under the two statutes are treated interchangeably. Hill, 737 F.3d at 1218. Thus, to establish unlawful retaliation under the Rehabilitation Act, a plaintiff "must show that (1) she engaged in a statutorily protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity." Id.

Plaintiff's complaint contains the conclusory assertion that she complained about harassment, but she does not allege any facts to show that she complained about harassment based on her disability, or that there was a causal connection between her termination and any protected activity.

As a result, plaintiff fails to state a claim for retaliation discrimination, see <u>Hill</u>, 737 F.3d at 1218, and this aspect of the complaint should be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court will grant defendant Robert McDonald's motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies as to her age discrimination claim, and for failure to state a claim upon which relief can be granted as to the other claims. The Court will issue an Order of Partial Dismissal on plaintiff's claims under Title VII, the ADEA, and the ADA. The Court will deny as moot defendant's alternative motion for a more definite statement.

Because plaintiff's Response offered some factual support for her Rehabilitation Act claims, she will be granted twenty-one (21) days to file an amended complaint asserting Rehabilitation Act claims only. Plaintiff should use the Court's employment discrimination complaint form, but must include the necessary factual allegations discussed above to support her Rehabilitation Act claims. Plaintiff may file exhibits to the amended complaint, but she must state factual basis for her Rehabilitation Act claims in the amended complaint itself and may not simply refer to attached documents. Plaintiff may not incorporate by reference into the amended complaint the original complaint or her Response to the motion to dismiss, and instead must set forth all of her factual allegations in the amended complaint itself.

If plaintiff fails to file an amended complaint within the time allowed, the Court will issue an order dismissing plaintiff's Rehabilitation Act claims with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert McDonald's motion to dismiss plaintiff's Complaint for failure to exhaust administrative remedies as to the Title VII claims and

for failure to state a claim upon which relief can be granted as to the ADEA and ADA claims is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiff is granted until **August 16, 2016** to file an amended complaint on the Court's employment discrimination complaint form, that shall be limited to her claims under the Rehabilitation Act, and shall provide factual allegations to support those claims as required by this Memorandum and Order.

An Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 26th day of July, 2016.