# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARLENE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1869 CAS |
| ) | |
| ROBERT MCDONALD SECRETARY ) | |
| DEPARTMENT OF VETERANS AFFAIR, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Robert McDonald's motion to dismiss plaintiff's Amended Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Pro se plaintiff Earlene Johnson has not responded to the motion to dismiss and the time to do so has long passed. For the following reasons, the Court will grant the motion to dismiss.

**I. Background**

In December 2008, plaintiff was hired by the Department of Veterans Affairs Medical Center ("VA") at Jefferson Barracks in St. Louis, Missouri, on a Career-Conditional Appointment as a Medical Supply Technician, subject to completion of a one-year probationary period. Beginning in April 2009, plaintiff was placed on a series of light-duty assignments as a result of an April 1, 2009 injury to her left arm that required plaintiff to wear a hand brace. Plaintiff received two satisfactory job evaluations but was notified on November 10, 2009 that she was being terminated from her probationary employment for unprofessional conduct.

Plaintiff filed an EEOC appeal of her termination, alleging that the VA subjected her to unlawful discrimination, retaliated against her, and subjected her to a hostile work environment by

(1) reassigning her to the laundry room on September 8, 2009, and (2) issuing her a notice of termination on November 10, 2009 during her probationary period. In its final decision, the VA found no discrimination. On appeal, the EEOC affirmed the VA's final decision, finding that plaintiff failed to show she was subjected to unlawful discrimination, reprisal, or to actionable harassment. Plaintiff's request for reconsideration was denied, and she has exhausted her administrative remedies. Plaintiff filed this action in December 2015.

On July 26, 2016, the Court granted defendant's motion to dismiss plaintiff's original complaint but granted plaintiff leave to file an amended complaint under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act"), with the following directions:

> Plaintiff should use the Court's employment discrimination complaint form, but must include the necessary factual allegations discussed above to support her Rehabilitation Act claims. Plaintiff may file exhibits to the amended complaint, but she must state the factual basis for her Rehabilitation Act claims in the amended complaint itself and may not simply refer to attached documents. Plaintiff may not incorporate by reference into the amended complaint the original complaint or her Response to the motion to dismiss, and instead must set forth all of her factual allegations in the amended complaint itself.

Mem. and Order of July 26, 2016 at 14 (Doc. 22).

Plaintiff filed a seven-page Amended Complaint on a Court-provided form with sixty-five pages of exhibits attached. (Doc. 24.) The Amended Complaint alleges that defendant wrongfully terminated her employment, failed to accommodate her disability although it accommodated other employees, retaliated against her, and subjected her to harassment. (Id. at 4.) The Amended Complaint states that plaintiff's claims under the Rehabilitation Act are based on the following facts:

> 1. On February 26, 2009, management, Joyce Richardson (JR) failed to take appropriate action when the Complainant notified Human resources that DH was "pulling on a male coworker[']s private parts on a daily basis."
>
> 2. On March 10, 2009, JR threatened the Complainant that she could have her removed/terminated from her probationary position.

2

> 5. [sic] On May 7, 2009, a coworker (DH), refused to allow the Complainant to use a computer and then told her that she could "do whatever the f— she wanted to do."
>
> 6. On June 12, 2009, DH intentionally "brushed up" against the Complainant and then said "hit me – what are you going to do."
>
> 8. [sic] On August 24, 2009, JR changed the Complainant's duty hours from 7:00 a.m. through 3:30 p.m. to 3:30 p.m. through midnight. Additionally, JR threatened to terminate her and then "taunted" her.
>
> 10. [sic] On September 8, 2009, JR reassigned the Complainant to the laundry.
>
> 13. [sic] On November 6, 2009, JR again reassigned the Complainant to the laundry.
>
> 14. On November 9, 2009, JR reassigned the Complainant back to the "P & D Department" and confronted her about her hand brace.
>
> 15. On or about November 10, 2009, the Complainant received written notification that effective November 24, 2009, she was being terminated for "unprofessional conduct" from her probationary position as a Medical Supply Technician, GS-622-
>
> 06. [sic] The Complainant alleges that she was unaware of the "unprofessional conduct" until after her termination.

Am. Complaint at 5-6.

Despite the Court's specific direction that the factual basis for plaintiff's claims must be set forth in the amended complaint itself and not by reference to exhibits, plaintiff included an eight-page narrative as one of the exhibits to the Amended Complaint, which sets out additional facts and arguments concerning her claims. (Doc. 24-1 at 6-13.) The Court will consider this exhibit on the motion to dismiss.

Defendant moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Defendant asserts that plaintiff fails to state a prima facie case of disability discrimination, of retaliation, or of harassment based on disability.

**II. Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). To survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotation marks and citation omitted).

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items

4

appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

### III. Discussion

    A. Plaintiff Fails to State a Prima Facie Claim of Disability Discrimination

The Rehabilitation Act (the "Act") prohibits discrimination against an "otherwise qualified individual with a disability . . . , solely by reason of her or his disability." 29 U.S.C. § 794; Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). The Act incorporates the standards of the Americans with Disabilities Act ("ADA") to determine whether a violation has occurred. 29 U.S.C. § 794(d); Peebles v. Potter, 354 F.3d 761, 765 (8th Cir. 2004). Decisions under the Rehabilitation Act or the ADA "are applicable and 'interchangeable' to claims under each statute." Hill, 737 F.3d at 1216.

"Discrimination under . . . the Rehabilitation Act encompasses both disparate treatment because of a disability and failure to provide reasonable accommodations to a qualified individual's known disability." Withers v. Johnson, 763 F.3d 998, 1003 (8th Cir. 2014) (citing Hill, 737 F.3d at 1216-17). "In disparate treatment cases, a similarly situated disabled individual is treated differently because of his disability than less- or non-disabled individuals." Peebles, 354 F.3d at 766. In reasonable accommodation cases, an employer violates the Act if it does not "make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." Id. (quoting 29 C.F.R. § 1630.9(a)).

5

The threshold question in a disability discrimination case is whether the plaintiff is "disabled" within the meaning of the ADA. Heisler v. Metropolitan Council, 339 F.3d 622, 627 (8th Cir. 2003) A plaintiff therefore "must first make a facial showing that [s]he has an ADA disability." Fenney v. Dakota, Minnesota & Eastern R. Co., 327 F.3d 707, 712 (8th Cir. 2003); see, e.g., Brunko v. Mercy Hosp., 260 F.3d 939, 942 (8th Cir. 2001) ("Because [plaintiff] has not met the first element of actual or perceived disability of a prima facie case under the ADA, she is not entitled to protection under the ADA.").

Defendant asserts that plaintiff fails to properly plead a prima facie case of either disparate treatment based on disability or a failure to accommodate her disability. Defendant states that while plaintiff repeatedly refers to an unspecified "disability" and mentions use of a hand brace, she does not identify a specific disability from which she suffered or the accommodation she sought, and does not allege that her disability substantially limited one or more of her major life activities. Defendant asserts that without any factual allegations to establish that plaintiff was "disabled" within the meaning of the Rehabilitation Act, the Amended Complaint fails to state a claim upon which relief can be granted.

The Rehabilitation Act uses the same definition as the ADA for an individual with a disability. 29 U.S.C. § 705(20)(B). The term "disability" is defined as: "(A) a physical or mental impairment that substantially limits one of more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(2)(A)-(C); Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894, 900 (8th Cir. 2006). Major life activities include but are not limited to "caring for oneself, performing manual tasks, walking, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking,

breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Plaintiff's Amended Complaint does not contain sufficient factual allegations to provide the grounds for a Rehabilitation Act claim that is plausible on its face. The Amended Complaint contains labels and conclusory allegations of disability, from which the Court cannot reasonably draw an inference that plaintiff had a physical impairment that substantially limited one or more of her major life activities. As such, the Amended Complaint does not "raise a right to relief above a speculative level." Schaaf, 517 F.3d at 549. Because plaintiff fails to identify her disability or otherwise allege facts from which the Court can draw the reasonable inference that she was "disabled" within the meaning of the Rehabilitation Act, see Iqbal, 556 U.S. at 678, plaintiff fails to state a claim of disability discrimination upon which relief can be granted as to both disparate treatment and wrongful termination. See Walz v. Ameriprise Fin., Inc., 779 F.3d 842, 845 (8th Cir. 2015) (ADA case; stating elements of prima facie case of wrongful termination).

To support her failure to accommodate claim, plaintiff "must establish both a prima facie case of discrimination based on her disability and a failure to accommodate it." Schaffhauser v. United Parcel Serv., Inc., 794 F.3d 899, 905 (8th Cir. 2015). Where, as here, an employee fails to show she is a qualified individual with a disability, she cannot state a valid claim for failure to accommodate. Kirkeberg v. Canadian Pacific Railway, 619 F.3d 898, 906 n.4 (8th Cir. 2010).

B. Plaintiff Fails to State a Prima Facie Claim of Retaliation

Defendant also moves to dismiss plaintiff's claim of retaliation. The Eighth Circuit has recognized a cause of action for retaliation under the Rehabilitation Act, and retaliation claims under the Act and the ADA are treated interchangeably. Hill, 737 F.3d at 1218. To establish unlawful retaliation under the Rehabilitation Act, a plaintiff "must show that (1) she engaged in a statutorily

protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity." Id.

Plaintiff's Amended Complaint alleges that she reported a co-worker's inappropriate sexual conduct to her supervisor and to Human Resources on February 26, 2009, but no appropriate action was taken. Plaintiff then alleges that her supervisor, Joyce Richardson, took the following actions: On March 10, 2009, Richardson threatened that she could have plaintiff removed from her probationary position; on August 24, 2009, Richardson changed plaintiff's duty hours and threatened to terminate her; on September 8, 2009, Richardson reassigned plaintiff to the laundry; on November 6, 2009, Richardson again reassigned plaintiff to the laundry; on November 9, Richardson reassigned plaintiff to the "P & D Department" and "confronted her about her hand brace"; and on November 10, 2009, plaintiff was notified of her termination.

Defendant concedes for purposes of its motion to dismiss that plaintiff has sufficiently alleged she engaged in statutorily protected activity and that her termination constituted an adverse employment action, but asserts that plaintiff fails to allege a causal connection between her report to Human Resources and her termination nine months later.

Defendant is correct. Plaintiff does not allege anywhere in the Amended Complaint that she was terminated in retaliation for, or as a result of, reporting her co-worker's inappropriate sexual conduct to Human Resources. Nor does plaintiff allege that her supervisor Richardson's actions were taken in retaliation for the report to Human Resources. In the absence of any factual allegations related to the element of causation, plaintiff fails to state a claim for retaliation discrimination. See Hill, 737 F.3d at 1218. Further, because a period of nine months elapsed between plaintiff's protected activity and her termination, the temporal connection is far too remote to suggest causation. See Sisk v. Picture People, Inc., 669 F.3d 896, 901 (8th Cir. 2012) (in a

retaliation case, "More than two months is too long to support a finding of causation without something more.").

  C. <u>Plaintiff Fails to State a Prima Facie Claim of Hostile Work Environment</u>

Defendant also moves to dismiss plaintiff's claim of hostile work environment based on disability. "[T]o establish a hostile work environment based on disability, plaintiff must show that (1) she is a member of the class of people protected by the statute, (2) she was subject to unwelcome harassment, (3) the harassment resulted from her membership in the protected class, and (4) the harassment was severe enough to affect the terms, conditions or privileges of her employment." <u>Sellers v. Deere & Co.</u>, 791 F.3d 938, 945 (8th Cir. 2015).

As to the fourth element, "In order to be actionable, harassment must be both subjectively hostile or abusive to the victim and 'severe and pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive.'" <u>Shaver v. Independent Stave Co.</u>, 350 F.3d 716, 721 (8th Cir. 2003) (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21-22 (1993)). Anti-discrimination laws do not establish codes of civility in the workplace and "[c]onduct that is merely rude, abrasive, unkind, or insensitive does not come within the scope of the law." <u>Id.</u> To determine whether the harassment affected a term, condition or privilege of employment, courts must "consider the totality of the circumstances, including the frequency and severity of the conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with [plaintiff's] job performance." <u>Sellers</u>, 791 F.3d at 945 (quoted case omitted).

Because plaintiff does not allege any facts to show that she is disabled, she cannot state a claim for hostile work environment based on her disability. <u>See</u> <u>Sellers</u>, <u>id.</u> Defendant's motion to dismiss the hostile environment claim should therefore be granted.

Further, even if plaintiff had alleged that she was disabled, the complaint does not contain any factual allegations to show plaintiff was subjected to harassment because of her disability. See Wallin v. Minnesota Dep't of Corrs., 153 F.3d 681, 688 (8th Cir. 1998) (although plaintiff identified "numerous incidents of friction between himself and his coworkers," his hostile work environment claim failed because he provided no evidence that the workplace friction was due to his disabilities).

Finally, the conduct plaintiff complains of does not rise to the level of actionable harassment. In her Amended Complaint, plaintiff alleges that her supervisor Richardson threatened that she could have her removed or terminated; a coworker refused to allow plaintiff to use a computer and told plaintiff that she could "do whatever the f--- she wanted to do;" the same coworker intentionally "brushed up" against plaintiff and said "hit me --- what are you going to do;" and Richardson changed plaintiff's work hours, taunted her, and reassigned plaintiff on three occasions, and confronted plaintiff about her hand brace. While this conduct may have been rude, abrasive and unpleasant, there are no facts from which it can be reasonably inferred that the conduct was severe and pervasive enough to create an objectively hostile or abusive work environment, or that it affected a term, condition or privilege of plaintiff's employment.

## IV. Conclusion

For the foregoing reasons, the Court will grant defendant Robert McDonald's motion to dismiss plaintiff's Amended Complaint under the Rehabilitation Act for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert McDonald's motion to dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under the Rehabilitation Act is **GRANTED**. [Doc. 25]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of October, 2016.